**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WE EVOLVETOGETHER, INC.,<br><br>Plaintiff<br>v.<br><br>DAVID LEUNG and PRESTON TING SEK KWONG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-01346-RGA |

---

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently before the court in this commercial dispute is Defendants', David Leung ("Leung") and Preston Ting Sek Kwong("Kwong") (collectively, "Defendants") motion to dismiss the Complaint (D.I. 1) filed by Plaintiff, WeEvolveTogether, Inc., ("WET" or "Plaintiff") for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 9)[1] For the reasons that follow, I recommend the court **DENY** Defendants' motion to dismiss.

## II. BACKGROUND[2]

WET, founded by Cynthia Sakai ("Sakai") in 2020, provided more than forty-four million medical-grade masks to the public during the COVID-19 pandemic. (D.I. 1 at ¶¶ 1, 4) The Defendants are Leung, a former co-founder of WET, and his agent and business partner

---

[1] The briefing associated with this motion can be found at D.I. 10 and D.I. 12.

[2] The facts in this section are based upon the Complaint (D.I. 1), which the court views in the light most favorable to the Plaintiff on a motion to dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790–91 (3d Cir. 2016).

Kwong. (*Id.* at ¶ 2) Plaintiff alleges that the Defendants have been improperly selling the WET-branded masks in China, under the guise of an allegedly fraudulent contract. (*Id.* at ¶¶ 42–44)

On July 21, 2023, WET entered into a Letter Agreement (the "Letter Agreement") to allegedly recapture 13 Chinese trademarks owned at the time by Leung and Shanghai Yi Wo Fu International Trading Co., Ltd., ("YiWoFu"), a Chinese company Leung owned and operated to conduct WET's business in China before his departure from WET. (*Id.* at ¶ 29) In exchange, Leung was to receive $100,000 under the Letter Agreement allegedly as repayment for funds, services, and equipment that Defendant Leung had advanced on behalf of WET for its operations in China. (*Id.* at ¶ 30) WET alleges that is has substantially paid the $100,000 to Leung but he has not assigned the 13 trademarks to WET, in breach of the Letter Agreement. (*Id.* at ¶ 32) The Letter Agreement required Defendant Leung to assign the 13 trademarks to the company "as soon as reasonably practicable" but no later than the initial closing of Convertible Promissory Notes issued by the company to Defendant Leung, which took place on August 1, 2023. (D.I. 1 at ¶ 31)

The Complaint alleges that in or around the time the Letter Agreement was executed, WET was formed as a Delaware corporation, having evolved from the reorganization of two interrelated New York LLCs. (*Id.* at ¶¶ 34–35) On July 28, 2023, the LLC members, Sakai, Leung (allegedly acting through his agent, Kwong), and non-party, Schutzbank, entered into an "Exchange Agreement" in which they acquired shares of WET Common Stock in exchange for their membership interests in the former LLCs. (*Id.*) The Exchange Agreement contains a Delaware choice of law provision and forum selection clause. (*Id.* at ¶ 36)

On July 31, 2023, WET and Defendant Leung (allegedly through Kwong) executed a "Forfeiture Agreement" in which Leung forfeited a portion of his shares in WET in exchange for "a payment." (*Id.* at ¶ 37) On the same date, WET, Leung (allegedly through Kwong) and

Shutzbank executed a "Founders' Agreement" which provided each founder with a right of first refusal in the event of any future sale of a co-founder's equity. (*Id.* at ¶ 38) The Complaint alleges that the foregoing agreements completely terminated Leung's interest in WET and he had no further involvement in the ongoing operations of the company. (D.I. 1 at ¶ 40)

In August of 2024, Sakai learned that since March of 2024, Defendants Leung and Kwong had been ordering tens of thousands of WET-branded masks from WET's exclusive manufacturer in China and reselling the masks in China without WET's authorization. (*Id.* at ¶¶ 42–44) Defendants purportedly acted under the guise of WET's authorization pursuant to an alleged fraudulent contract that was never authorized by WET. (*Id.* at ¶ 48) The contract was between two Chinese companies, Shanghai Zhishun Trading Co. Ltd. and Shanghai Ivome International Trading Corp., the latter, allegedly owned by Leung's sister. (*Id.* at ¶ 47) These Chinese companies are unaffiliated with WET. (*Id.*)

On December 9, 2024, Plaintiff filed this lawsuit. (D.I. 1) The Complaint asserts claims against Defendant Leung for breach of the Letter Agreement and Conversion (Counts I and V), and against both Defendants for Unfair Competition, Trade Secrets Misappropriation, and Unjust Enrichment (Counts II, III, and IV). (D.I. 1 at ¶¶ 52–85) On February 19, 2025, Defendants moved to dismiss all counts of the Complaint as insufficiently pled. (D.I. 9) The court was presented with opening and answering briefs, but Defendants failed to file a reply brief despite a stipulated filing extension. (D.I. 13) On April 15, 2025, this motion was referred to the undersigned Magistrate Judge. (D.I. 14)

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state a claim pursuant to Rule

12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

Defendants argue that Rule 9(b)'s heightened pleading standard applies to the allegations in all counts. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff contends that none of

the five counts are subject to a heightened pleading standard and that its claims satisfy the notice pleading requirements of Rule 8(a) that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## IV. DISCUSSION

### A. The Heightened Pleading Standard Under Rule 9(b) Does Not Apply to Counts I through V

Defendants argue for application of the heightened pleading standard based upon the allegations that they ordered and resold WET-branded masks without WET's authorization under the guise of a fraudulent contract. (D.I. 10 at 1–2) Defendants argue that claims of fraud are at the heart of the action even if they are not labelled as such. (*Id.*) They argue that the misappropriation of trade secrets claim is the "most glaring instance" of a fraud-based claim. (*Id.* at 3) Focusing solely on the reference to the fraudulent contract, Defendants argue that the claims for unjust enrichment, breach of contract and unfair competition are fraud-based claims.

The court agrees with the Plaintiff that none of the five counts of the Complaint sound in fraud. In the Third Circuit, claims "sound in fraud" when they are based upon intentional misrepresentations or knowingly false promises. *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270–72 (3d Cir. 2006). The misappropriation of trade secrets claim alleges that the Defendants improperly used WET's confidential information regarding its exclusive Chinese manufacturer to obtain WET-branded masks for resale for their own benefit, without authorization from WET. (D.I. 1 at ¶¶ 42–44) The fact that the improper transactions were facilitated by an alleged fraudulent contract does not change the nature of the claim from misappropriation to fraud. Moreover, this court has held that a claim for misappropriation of trade secrets is not required to be pleaded with particularity. *Alpha Pro Tech, Inc. v. VWR Int'l LLC*, 984 F. Supp. 2d 425, 436 (E.D. Pa. 2013); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2011 WL

1226365, at *2 (D. Del. Mar. 28, 2011) (holding that trade secrets misappropriation claim "need meet only the federal notice pleading requirements, and the Court finds under that standard Plaintiff's trade secret misappropriation claim is sufficiently pled.").

For similar reasons, the remaining counts do not sound in fraud. The breach of contract claim is based on Defendant Leung's alleged failure to perform his obligation under the Letter Agreement to assign 13 Chinese trademarks to WET. The conversion claim is based on his alleged wrongful retention of the 13 trademarks he was obligated to assign to WET. (D.I. 1 at ¶ 29) The unfair competition and unjust enrichment claims arise from the same core factual allegations of misappropriation of confidential information and unauthorized resale of WET-branded masks.

Accordingly, I recommend that Counts I through V are not subject to Rule 9(b)'s heighted pleading standard and Defendants' motion to dismiss Counts I through V on that basis should be **DENIED.**

**B. The Complaint Plausibly States Claims for Relief Pursuant to Rule 12(b)(6)**

The Defendants move to dismiss all five counts in the Complaint on the basis that they are self-contradictory and do not state plausible claims for relief. (D.I. 10 at 5) Defendants' opening brief consists of little more than conclusory legal arguments as to why the Plaintiff should not prevail on each of the five counts. On a motion to dismiss, the court views the facts in the light most favorable to the Plaintiff to determine whether the claims are facially plausible, not whether the Plaintiff will ultimately prevail. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790–91 (3d Cir. 2016).

**1. Conversion**

Defendants move to dismiss Plaintiff's claim for conversion based on their bare legal conclusion that it is duplicative of the breach of contract count. Defendants do not argue for

dismissal of the breach of contract count. In response, Plaintiff argues that Federal Rule of Civil Procedure 8(a)(3), permits alternative pleading. *Moon Express, Inc. v. Intuitive Machines, LLC*, 2017 WL 4217335, at *12 (D. Del. Sept. 22, 2017), *report and recommendation adopted sub nom. Moon Express, Inc v. Intuitive Machines, LLC*, 2017 WL 11554232 (D. Del. Oct. 30, 2017) (. . .[S]o long as Plaintiff can plead facts in this federal case that sufficiently sets out why the *elements* of a claim of conversion are met, it has met its burden even if, ultimately, pursuant to Delaware law, it may not be able to *recover* on both its breach of contract claims and its conversion claims.") (emphasis in original).

**2. Misappropriation of Trade Secrets**

The entirety of Defendants' argument for dismissal of the misappropriation count hinges on Leung's purported ownership of the 13 Chinese trademarks in issue. Defendants disregard Plaintiff's plausible allegation that Leung was obligated to assign the 13 Chinese trademarks to the Plaintiff. (D.I. 1 at ¶ 29) Defendants' argument sidesteps the only issue before the court which is the sufficiency of the allegations in the Complaint, not whether Plaintiff will ultimately prevail on its claim of misappropriation.

Moreover, the misappropriation of trade secrets claim involves more than the trademarks in issue. It concerns Defendants' improper use of WET's confidential business information relating to its exclusive manufacturer of the WET-branded masks in China.

**3. Unjust Enrichment**

Defendants' bare contention that Plaintiff's unjust enrichment claim should be dismissed because Leung owned the trademarks fails for the same reasons addressed in the preceding section IV.B.2, *supra*.

Namely, Defendants' motion to dismiss the unjust enrichment claim is supported only by bare legal conclusions and fails to address sufficiency of the factual averments. At the motion to

dismiss stage, the Plaintiff's allegations that Defendants were unjustly enriched through their misappropriation and unauthorized resale of WET-branded masks is facially plausible

**4. Unfair Competition**

Defendants' motion to dismiss the unfair competition claim detours into a discussion of claims the Plaintiff has not asserted in the Complaint and why they would be insufficient had they been asserted. Defendants argue that Plaintiff's common law unfair competition claim has been subsumed[3] by the Delaware Unfair Trade Practices Act ("DUTPA"), 6 Del. C. §§ 2531, *et seq*, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. (D.I. 10 at 6)

In response, Plaintiff cites to other cases in this District where a common law claim of unfair competition has proceeded alongside of statutory claims under the DUTPA and Lanham Act. *See Treas. Mgmt. Servs., Inc. v. Wall St. Sys. Del., Inc.*, 2017 WL 1821114, at *5 (D. Del. May 5, 2017) (finding that common law unfair competition claims could proceed beyond the pleading stage when based on the same theory as federal Lanham Act claims); *see also Mil. Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*, 251 F. Supp. 3d 750, 758 (D. Del. 2017); *see also New Balance Athletics, Inc. v. USA New Bunren Int'l Co.*, 424 F. Supp. 3d 334, 353 (D. Del. 2019).

Defendants have not submitted a reply brief addressing Plaintiff's response and supporting case authorities. Accordingly, I recommend that Defendants' motion to dismiss Counts I through V be **DENIED**.

---

[3] *Preston Hollow Capital LLC v. Nuveen LLC*, 2019 WL 3801471, at *9 n.96 (Del. Ch. Aug. 13, 2019) ("This tort, "unfair competition," has been **partly** subsumed under the Delaware Unfair Trade Practices Act, its federal cousin, the Lanham Act, and similar statutes in other states. *See* 6 Del. C. §§ 2531, *et seq*; 15 U.S.C. § 1051, *et seq*.") (emphasis added).

## V. CONCLUSION

For the foregoing reasons, I recommend that the Defendants' motion to dismiss be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 8, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE