**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| WE EVOLVETOGETHER, INC., | |
| Plaintiff, | Civil Action No.: 1:24-CV-01346-RGA |
| v. | |
| DAVID LEUNG; and PRESTON TING SEK KWONG, | |
| Defendants. | |

## MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF

Pursuant to D. Del. LR 83.7, the law firms of Landis Rath & Cobb LLP ("LRC") and Perkins Coie LLP ("Perkins") (together, "Movants") hereby move for leave to withdraw as counsel for Plaintiff, We EvolveTogether, Inc. ("Plaintiff" or "WET"), in the above-captioned action (the "Motion"), effective immediately upon the Court's grant of such leave.

Pursuant to D. Del. LR 7.1.1, Movants conferred with counsel for Defendants, and Defendants do not oppose this motion.

In support of the Motion, Movants respectfully state as follows:[1]

1.      Plaintiff in this action brings claims for breach of contract, unfair competition, trade secret misappropriation, unjust enrichment, and conversion arising out of Defendants' alleged failure to honor their contractual obligations to assign certain trademarks to Plaintiff and their misappropriation of the company's branded face masks.

---

[1] Consistent with ABA Formal Opinion 519 (*see* ABA Comm. on Ethics & Pro. Resp., Formal Op. 519 (Dec. 3, 2025)), Movants have provided as much detail as they believe permissible given the obligations imposed by Rule 1.6. To the extent the Court requires more information, Movants respectfully request that such information be provided *in camera*.

2. Plaintiff is represented by LRC and Perkins, attorneys of the latter having been granted admission *pro hac vice* on December 23, 2024. LRC and Perkins have appeared and acted as counsel of record for Plaintiff throughout these proceedings.

3. Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 19, 2025. D.I. 9. By and through the Movants, Plaintiff opposed Defendants' Motion to Dismiss. D.I. 12. On August 28, 2025, the Court denied in full Defendants' Motion to Dismiss. D.I. 17.

4. The case is currently in the discovery stage. The current Scheduling Order set April 1, 2026 for the close of fact discovery, and May 15, 2026 as the deadline for Plaintiff's expert disclosures. D.I. 24.

5. The attorney at Perkins who served as the primary relationship partner for WET departed Perkins in late February 2026. Perkins was relatedly informed that its work would be transferred to one or more other law firms.

6. Despite diligent and repeated efforts by Movants to communicate with WET regarding the status of this litigation and confirm the identity of substitute counsel, WET has not provided direction on how to proceed. This has rendered Movants unable to effectively represent WET's interests consistent with Movants' professional obligations in this action.

7. Perkins' last attempts to contact Plaintiff were via email to WET's Chief Executive Officer, Cynthia Sakai, at her last-known email address on March 19, 2026 and March 23, 2026. LRC's last attempt to contact Plaintiff was via email to Ms. Sakai at her last-known email address on March 26, 2026. To date, Movants have received no response to any of their emails.

8. On March 27, 2026, in accordance with D. Del. LR 83.7, a draft of this Motion was sent by certified mail to the last known mailing addresses for WET, as follows: (a) 2041 East Street #666, Concord, CA 94520 (the "Concord address"); and (b) 616 N. Croft Avenue #1, West

Hollywood, CA 90048 (the "West Hollywood address"). *See* Declaration of Rebecca Butcher ("Butcher Decl."), Ex. A.

9.      The package containing the Motion was delivered to the Concord address on March 30, 2026. *See* Butcher Decl., Ex. B. The package addressed to the West Hollywood address was returned to sender by the U.S. Postal Service. Accordingly, on April 7, 2026, Movants sent the package containing the Motion to the West Hollywood address via UPS, which was successfully delivered on April 9, 2026. *See* Butcher Decl., Ex. C.

10.     Pursuant to Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or if "other good cause for withdrawal exists." Del. Lawyers' R. Prof'l Conduct 1.16(b)(5) and (b)(7). The decision on whether to grant a motion to withdraw is committed to the discretion of the court. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014).

11.     Here, Movants should be permitted to withdraw from their representation of Plaintiff. The departure of the relationship partner from Perkins has fundamentally altered the nature of the attorney-client relationship. The relationship partner served as the primary point of contact and advisor for WET. With that attorney's departure, the foundation of the professional relationship between Movants and WET has been disrupted.

12.     Following the departure of the relationship partner from Perkins, WET has ceased communicating with Movants. Despite repeated attempts to reach WET to obtain direction on this litigation, WET has not responded to Movants' correspondence. Without direction from WET, Movants cannot represent WET consistent with their professional duties.

13.    Movants are unaware if Plaintiff has retained substitute counsel at this juncture. While it is true that corporations cannot be represented *pro se*, this Court has held that "there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel." *AAG Glass, LLC v. Laminados De Aller, S.A.*, No. 21-638, 2025 WL 326918, at *2 (D. Del. Jan. 29, 2025); *see also, e.g., Huntley v. VBit Techs. Corp.,* No. 22-1164, 2023 WL 3790715, at *2 (D. Del. June 2, 2023) (granting motion to withdraw and ordering corporation to retain substitute counsel).

14.    Accordingly, Movants respectfully submit that they should be permitted to withdraw from their representation of Plaintiff immediately but respectfully request that the Court afford WET a reasonable period of time to retain new counsel.

WHEREFORE, Movants respectfully request that the Court enter the attached proposed Order granting their Motion for Leave to Withdraw as Counsel for Plaintiff in this case.

Dated: May 4, 2026

Rachel S. Mechanic, *pro hac vice*
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel. (212) 262.6900
RMechanic@perkinscoie.com

Colin Lubelczyk, *pro hac vice*
PERKINS COIE LLP
1120 NW Couch Street
Portland, Oregon 97209
Tel. (503) 727.2000
CLubelczyk@perkinsoie.com

LANDIS RATH & COBB LLP

/s/ Rebecca L. Butcher
Rebecca L. Butcher (No. 3816)
919 Market Street, Suite 1800
Wilmington, DE 19801
Tel: (302) 467-4400
butcher@lrclaw.com

*Attorneys for Plaintiff We EvolveTogether, Inc.*

- 4 -